IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | C O M P L A I N T |
| CONVERGYS CORPORATION, | ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMANDED |
| _____ | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Shannon Fantroy who was adversely affected by such practices. As alleged with more particularity below, the Defendant failed to hire Fantroy based on his religion and/or offer an accommodation to his religious practices.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Missouri.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5f(1) and (3).

4. At all relevant times, Defendant, Convergys, an Ohio corporation, (the "Employer"), has continuously been doing business in the State of Missouri and the City of Hazelwood, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Shannon Fantroy filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about March 1, 2010, Defendant Employer engaged in unlawful employment practices at its Hazelwood, Missouri site in violation of Section 703 (a)of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (2). Specifically:

    a. On or about February 25, 2010 Shannon Fantroy applied for employment with Defendant Employer.

    b.    On or about March 1, 2010 a recruiter for Defendant interviewed Fantroy. Defendant's recruiter explained work hours for the job and Fantroy explained that he could not work from sunup to sundown on Saturdays due to his religion.

    c.    Defendant's recruiter told Fantroy if he couldn't work on Saturdays the interview was over.

    d.    Fantroy explained that he could be flexible in his work hours, including working longer hours on other days, but due to his sincerely held religious beliefs he could not work on Saturdays.

    e.    Defendant's recruiter refused to continue the interview and Defendant refused to hire Fantroy.

    f.    Defendant's recruiter at all times described herein acted as Defendant's agent and within the scope of his agency.

    8.    The effect of the practice(s) complained of in paragraph 7 and its subparts above has been to deprive Shannon Fantroy of equal employment opportunities and otherwise adversely affect his status as an applicant for employment and employee because of his religion.

    9.    The unlawful employment practices complained of in paragraph 7 and its subparts above above were done with malice or with reckless indifference to the federally protected rights of Shannon Fantroy.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court to:

    A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from refusing to hire based upon religion and denying reasonable religious accommodations to its employees.

  B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from terminating employees in retaliation for activity protected by Section 704(b) of Title VII, 42 U.S.C. § 2000e-3 or on the basis of religion.

  C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of its past and present unlawful employment practices.

  D. Order Defendant to make whole Shannon Fantroy by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay compensation to compensate Shannon Fantroy.

  E. Order Defendant to make whole Shannon Fantroy by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 and its subparts above, including relocation expenses, job search expenses, and medical expenses that would have been covered by the health insurance or other benefits provided through their employment by Defendant, in amounts to be determined at trial.

  F. Order Defendant to make whole Shannon Fantroy by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 and its subparts above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      G.      Order Defendant to pay Shannon Fantroy punitive damages for its malicious and reckless conduct described in paragraph 7 and its subparts above above, in amounts to be determined at trial.

      H.      Grant such further relief as the Court deems necessary and proper in the public interest.

      I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
(314) 539-7910 (telephone)
(314) 539-7895 (facsimile)
Email: barbara.seely@eeoc.gov

FELIX MILLER
Supervising Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100

St. Louis, Missouri 63103
(314) 539-7910 (telephone)
(314) 539-7895 (facsimile)
Email: felix.miller@eeoc.gov


/s/*Dayna F. Deck*
Dayna F. Deck
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Kansas City District Office
400 State Ave., Suite 905
Kansas City, KS 66101
913-551-5848(voice)
913-551-6957(fax)
Email: dayna.deck@eeoc.gov