IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:11-cv-00395-AGF ) |
| CONVERGYS CORPORATION, | ) ) |
| Defendant. | ) |

### DEFENDANT CONVERGYS CORPORATION'S ANSWER

COMES NOW Defendant Convergys Corporation ("Convergys"), and in response to Plaintiff's Complaint states the following:

#### NATURE OF ACTION

Convergys admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991. Convergys denies the remaining allegations of the preamble paragraph.

#### JURISDICTION AND VENUE

1.  Convergys admits only so much of Paragraph 1 of Plaintiff's Complaint as alleges that this Court has subject matter jurisdiction with regard to this matter and that Plaintiff purports to bring this action under Title VII and Section 102 of the Civil Rights Act of 1991. Convergys otherwise denies the remaining allegations of fact and conclusion of law contained in paragraph 1 of Plaintiff's Complaint.

2.  Convergys denies the allegations of paragraph 2 of Plaintiff's Complaint.

#### PARTIES

3.  Convergys admits that the Equal Employment Opportunity Commission

("EEOC") is the agency charged with the administration, interpretation and enforcement of Title VII. Convergys states that the remainder of paragraph 3 is a statement of law to which no response is required.

4.  Convergys admits that it does business in the State of Missouri and the City of Hazelwood, and that it has at least 15 employees, but denies the remaining allegations in paragraph 4 of Plaintiff's Complaint.

5.  Convergys admits the allegations of paragraph 5 of Plaintiff's Complaint.

## STATEMENT OF CLAIMS

6.  Convergys admits that Shannon Fantroy ("Fantroy") filed a charge with the Commission alleging violations of Title VII by Defendant, but denies all other allegations in paragraph 6 of Plaintiff's Complaint.

7.  Convergys denies the allegations of paragraph 7 of Plaintiff's Complaint.

    a.  Convergys denies that Plaintiff filed an application for employment with Convergys Corporation.

    b.  Convergys admits only that on March 1, 2010 a recruiter for Convergys Customer Management Group, Inc. called Fantroy for his scheduled interview, but denies the remaining allegations of paragraph 7(b).

    c.  Convergys denies the allegations of paragraph 7(c).

    d.  Convergys denies the allegations of paragraph 7(d).

    e.  Convergys denies the allegations of paragraph 7(e).

    f.  Convergys denies the allegations of paragraph 7(f).

8.  Convergys denies the allegations of paragraph 8.

9.  Convergys denies the allegations of paragraph 9.

## PRAYER FOR RELIEF

Convergys specifically denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph and each of its subparts in Plaintiff's Complaint.

All allegations not otherwise answered above are denied.

## AFFIRMATIVE DEFENSES

Further answering, Convergys asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim for which relief may be granted.

2. Fantroy has failed to exhaust all administrative remedies.

3. Even if Fantroy were entitled to damages, which Convergys denies, his claim for damages would be barred to the extent Fantroy failed to mitigate his damages.

4. Plaintiff's claims, on behalf of Fantroy, may be barred by the doctrines of estoppel or unclean hands.

5. Convergys is not liable for punitive damages because neither Convergys nor any of its officers, directors, or managing agents committed any acts with malice or reckless indifference to Fantroy's rights.

6. Imposition of punitive damages in this case would violate the Due Process Clause of the United States Constitution.

7. Convergys denies that Fantroy ever put Convergys or Convergys Customer Management Group, Inc. on notice that he needed a reasonable accommodation, but to the extent Plaintiff claims otherwise, Convergys asserts that any such accommodation would create a undue hardship on Convergys.

8. Any claim for punitive or compensatory damages is subject to the caps of the Civil Rights Act of 1981. 42 USC 1981(b).

9.  All Convergys' actions were taken for legitimate non-discriminatory reasons.

WHEREFORE, Convergys prays that this Court dismiss all of Plaintiff's claims and award Convergys its costs incurred in this action, and such further relief as the Court may deem just and proper.

Respectfully submitted,

By  */s/ Laura M. Jordan*
    Laura M. Jordan #48755MO
    THOMPSON COBURN LLP
    One US Bank Plaza
    St. Louis, Missouri  63101
    314-552-6469
    FAX 314-552-7469
    ljordan@thompsoncoburn.com

Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May 2011, I electronically filed the foregoing Answer with the Court using the CM/ECF system, which will send notification of such filing, via electronic mail, to all attorneys of record for the Plaintiff.

*/s/ Laura M. Jordan*

5323894.3