IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO: 4:11-CV-00395AEF |
| v. | )<br>)<br>) |
| CONVERGYS CUSTOMER MANAGEMENT GROUP, INC., | )<br>)<br>) |
| Defendant. | ) |

## CONSENT DECREE

### Introduction

Plaintiff Equal Employment Opportunity Commission (hereinafter the "Commission") has instituted this action against Convergys Customer Management Group, Inc. (hereinafter "Defendant"), alleging that Defendant discriminated against Shannon Fantroy in violation of Title VII by failing to hire Fantroy based on his religion and/or offer an accommodation to his religious practices. Defendant has specifically denied all allegations of discrimination.

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation;

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of the Title VII will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, (iv) the terms of this Decree constitute a fair and

equitable settlement of all issues in this lawsuit; and (v) this Decree is not an adjudication of the merits of the claims or defenses propounded by either party.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

## I. General Provisions

1. This Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant of any violation of Title VII or any executive order, law, rule or regulation dealing with or in connection with religious discrimination in employment.

2. Defendant shall not discriminate against its employees with respect to hiring, promotion, firing, compensation, scheduling or other terms, conditions or privileges of employment because of religion.

3. Defendant shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII, (b) has participated in any investigation conducted under Title VII connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefitted or will benefit in any way as a result of this Consent Decree.

## II. Relief for Charging Party

4. Within thirty (30) days of the entry of this Decree, Defendant shall forward to Shannon Fantroy:

a. Within ten (10) days of receiving from Fantroy a completed form W-4 and W-9 and executed Release attached hereto at Exhibit C, Convergys will send to Fantroy a check for back pay in the amount of $ 3,000.00 less any deductions for the employee's portion of FICA and applicable federal and state income tax withholdings, and a check for damages (without deductions) the amount of $12,000.00, для which Form 1099 shall be issued.

b.  A statement itemizing the deductions made from the back pay.

5.  Defendant shall forward copies of the checks with the statement of deductions, referenced in Paragraph 4 above, to the Regional Attorney, c/o Dayna F. Deck, Trial Attorney, Equal Employment Opportunity Commission, 400 State Ave., Suite 905, Kansas City, KS 66101.

### III. Training

6.  Within six (6) months after the entry of this Decree, Defendant shall provide mandatory Title VII training concerning religious accommodations for all of its recruiters, and recruiting managers at the Hazelwood, Missouri facility and any recruiters and recruiting managers who provided recruitment services for the Hazelwood facility since 2010 and are still employed by Convergys. The content of this training shall include an employer's obligation to provide reasonable accommodation for employees and applicants with religious beliefs and the prohibitions against religious discrimination generally under Title VII. The training may be conducted in-house or through an outside contractor of Defendant's choosing provided that such training be live and allow for questions and answers. Such training may be conducted via telephone conference call. Additionally, Defendant shall submit its training materials in advance for approval by the Regional Attorney, c/o Dayna F. Deck, Trial Attorney, Equal Employment Opportunity Commission, 400 State Ave., Suite 905, Kansas City, KS 66101

7.  Within sixty (60) days of the entry of this Decree, Defendant shall certify that its recruiters and recruiting managers were trained in December 2011 in accordance with Exhibit D. Such certification shall include names, job titles, and work address of the attendees and shall be submitted to the Regional Attorney, c/o Dayna F. Deck, Trial Attorney, Equal Employment Opportunity Commission, 400 State Ave., Suite 905, Kansas City, Kansas 66101.

8. Within thirty (30) days of providing any Title VII training pursuant to Paragraph 6, Defendant shall send to the EEOC's Regional Attorney, c/o Dayna F. Deck, Trial Attorney, Equal Employment Opportunity Commission, 400 State Ave., Suite 905, Kansas City, KS 66101, a report listing the names, job titles, and work address of all attendees who completed the training.

### IV. Posting and Policies

9. Defendant shall provide the notice attached hereto as Exhibit A to all applicants for employment who complete the online application process during the term of this Decree. Such notice may be furnished electronically.

10. With respect to applicants for employment, Defendant shall develop an additional set of guidelines for addressing requests for religious accommodation which shall include instructions that the interview process will continue until finished and not be summarily terminated because a request for accommodation has been made. The applicant will be informed that any final decision on such a request will be made after an offer of employment is made to the applicant. Within thirty (30) days of the entry of this decree, Defendant shall submit its guidelines to the Regional Attorney, c/o Dayna F. Deck, Trial Attorney, Equal Employment Opportunity Commission, 400 State Ave., Suite 905, Kansas City, KS 66101

11. Defendant shall post the notice attached hereto at Exhibit B at its Hazelwood, Missouri facility during the term of this Decree. Moreover, once an offer of employment is made, Defendant shall provide the notice attached hereto as Exhibit B to all applicants offered employment at its Hazelwood, Missouri facility.

## V. Reporting, Record-keeping, and Access

12. Defendant shall prepare and submit to the EEOC's Regional Attorney, c/o Dayna F. Deck, Trial Attorney, Equal Employment Opportunity Commission, 400 State Ave., Suite 905, Kansas City, KS 66101, a letter indicating as follows:

   a. Within thirty (30) days of the entry of this Decree, that Exhibit A has been incorporated as part of the employment application process as required by Paragraph 9, above; and

   b. That Exhibit B has been posted as required by Paragraph 11 above.

13. Within six (6) months of the date of entry of this Decree and every 6 months thereafter for the duration of this decree, Defendant shall prepare and submit to the EEOC's Regional Attorney, c/o Dayna F. Deck, Trial Attorney, Equal Employment Opportunity Commission, 400 State Ave., Suite 905, Kansas City, KS 66101 , a report listing the name of each applicant, address and phone number who applied for a position at the Hazelwood, Missouri facility who inquired about or requested reasonable accommodation for his or her religious beliefs, the date and nature of such request, whether or not he or she was accommodated and the nature of the accommodation provided, date of termination, if applicable and reason(s) for termination.

14. During the term of this Decree, Defendant shall allow representatives of the Commission to review Defendant's compliance with this Decree by inspecting and photocopying relevant documents and records (at the Commission's expense), interviewing employees and management officials on their premises, and inspecting their premises. Such review of compliance shall be initiated by written notice to the Defendant's attorney of record at least five (5) business days in advance of any inspection of a Defendant's documents or premises.

## VI. Term and Effect of Decree

15. The term of this Decree shall be two (2) years.

16. By entering into this Decree, the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than the charge that created the procedural foundation for the complaint in this case.

17. This Decree shall be binding upon the parties hereto, their successors and assigns. Defendant shall affirmatively notify any purchasers of the obligations of this Consent Decree prior to any sale which may take place.

19. The Court shall retain jurisdiction of this cause for purposes of compliance and enforcement.

20. Each party shall bear its own costs and fees.

DATE: February 21, 2012                 _____
                                         UNITED STATES DISTRICT JUDGE

BY CONSENT:

FOR DEFENDANT:                           FOR PLAINTIFF:

THOMPSON COBURN LLP                      EQUAL EMPLOYMENT OPPORTUNITY
                                         COMMISSION

By: /s/Laura M. Jordan                   By: /s/ Dayna F. Deck
    Laura M. Jordan, #48755MO           Dayna F. Deck MO#39033
    One US Bank Plaza                   Trial Attorney
    St. Louis, Missouri 63101           Kansas City District Office
    314-552-6000                        400 State Ave., Suite 905
    FAX 314-552-7000                    Kansas City, KS 66101
    ljordan@thompsoncoburn.com          913-551-5848 (voice)
                                         913-551-6957 (fax)
                                         Email: dayna.deck@eeoc.gov

## **EXHIBIT A**

NOTICE TO APPLICANTS FOR EMPLOYMENT

It is the policy of Convergys to comply with applicable laws governing employment and to provide equal employment opportunities. Convergys prohibits discrimination or harassment based on race, color, religion, creed, national origin, citizenship, gender, age, disability, political belief, sexual orientation, marital or family status, pregnancy, military or veteran status, economic status or other legally protected status. Convergys will provide reasonable workplace accommodations in compliance with applicable law where necessary due to disability or religion.

## **EXHIBIT B**

NOTICE TO EMPLOYEES

It is the policy of Convergys to comply with applicable laws governing employment and to provide equal employment opportunities. Convergys prohibits discrimination or harassment based on race, color, religion, creed, national origin, citizenship, gender, age, disability, political belief, sexual orientation, marital or family status, pregnancy, military or veteran status, economic status or other legally protected status. Convergys will provide reasonable workplace accommodations in compliance with applicable law where necessary due to disability or religion.

If you need to request an accommodation of any kind, please contact the Human Resources Representative at your local Convergys facility. The contact information for the Human Resources at each facility may be found at: www.convergys.com/company/locations/

## **EXHIBIT C**

RELEASE BY SHANNON FANTROY

     In consideration for the gross sum of Fifteen Thousand dollars ($15,000.00), less applicable taxes and withholdings, paid to me by Defendant Convergys Customer Management Group, Inc., in connection with the resolution of EEOC v. Convergys Customer Management Group, Inc., Case #4:11-CV-00395, I waive my right to recover for any claims of discrimination, failure to reasonably accommodate and failure to hire arising under Title VII and the Civil Rights Act of 1991 that I had against Defendant prior to the date of this release and that were included in the claims alleged in the EEOC's complaint in EEOC v. Convergys Corporation, Case #4:11-CV-00395.

Date: _____     Signature: _____
                                                                                    Shannon Fantroy

# EXHIBIT D

## Basic Guidelines for Addressing Requests for Religious Accommodations

While it is recognized that religious accommodation requests must be addressed on a case-by-case basis, there are several general steps which should be followed by Human Resource personnel when a religious accommodation is requested:

I.) <u>Engage in interactive process with the employee.</u> Speak directly with the employee in order to obtain information about the religious accommodation request. In some cases, it may be necessary to request and obtain information from the employee's church or clergy in order to confirm the particular practice and requested accommodation.

II.) <u>Evaluate the accommodation request.</u> Can the accommodation request be reasonably accommodated without undue hardship to the company? If not, are there other alternative accommodations which would be reasonable?

III.) <u>Respond to the Employee.</u> Human Resources should meet with the employee to communicate Human Resources' position with respect to the accommodation request. If a reasonable accommodation can be made, that accommodation should be explained and discussed with the employee.

IV.) <u>Document Above Steps.</u> Human Resources should document that the above steps have been taken and this documentation should be kept separately from the employee's personnel file.

It is important to note that the burden on a company to accommodate a religious accommodation request is less than what is required in disability cases. Just like in disability cases, the company must reasonably accommodate a religious need unless in so doing, the company would incur undue hardship. However, undue hardship in the religious accommodation context requires that a company only show that it would incur slightly more than a *de minimis* (nominal) burden/cost to make the accommodation.

It is also important for Human Resources to emphasize to Managers and Supervisors that when issues arise involving religious accommodation requests, the Managers/Supervisors should not disposition such issues on their own, and should promptly involve Human Resources.

Lastly, if there are any questions or uncertainty surrounding a particular request, Employee Relations Managers should consult with their Director. In questionable cases, HR should contact Convergys Legal to discuss.